TuRley, J.
delivered the opinion of the court.
The bill of the complainant charges that Charles McAlis-ter and Thomas Polk became indebted to the complainant in the sum of #5,592; for which sum they made their notes, and to secure the payment of which, they executed a deed of trust upon lots in the town of Troy, Obion county, Nos. 9, 26, 27, 48, 80, 81; also upon a tract of land situated in said county, containing .one hundred and five acres; also, on the following named slaves: Sarah, Pinckney, Phillis, George, and Brister; to this deed of trust William Huchinson was constituted trustee, and empowered, upon a failure of McAl-ister and Polk to pay the debt thus secured when due, to sell said property, after giving sixty days notice, and apply the proceeds to such payment — which deed of trust was duly registered in Obion county.
The bill further charges, that, at the date of the deed of trust, neither McAlister nor Polk had the legal title to lot No. nine, but only an equitable interest therein, and that the legal title was in Sarah Polk, subject to this equity.
It also charges, that, after the execution of the deed of trust and its registration, McAlister sold the tract of land of one hundred and five acres, and lots No. 9, 26, 27, to Alfred M. *409 Bedford, and executed a deed of conveyance for the same; and that Alfred M. Bedford has sold and conveyed the tract of land to James Davis.
The bill also charges, that, at the date of the deed of trust, neither said McAlister nor Polk had any legal title to the slaves, Sarah, George and Pinckney; and that they have since sold the negro man, Brister, to William R. Harris.
A part of the debt secured by the deed of trust being over due, and the trustee refusing to execute the trust, this bill is filed by the complainant to obtain the aid of a court of chancery for that purpose; and Charles McAlister, Thomas Polk, Sarah Polk, Alfred M. Bedford, James Davis and William R. Harris are made parties, and the relief sought is, that the property mentioned in the deed of trust be disencumbered of the conflicting titles of Sarah Polk to lot No. 9, of Alfred M. Bedford and James Davis to the tract of land and lots No. 9, 27, 26, and of William R. Harris to the negro slave, Brister; and the property be sold under a decree of the court for a satisfaction of the trust.
To this bill of complaint, the defendants demur, and assign various reasons therefor, none of which do we deem necessary to discuss, except that of multifariousness.
It is argued, that Sarah Polk, Alfred M. Bedford, James Davis, and William R. Harris, ought not to have been joined as parties defendants with Charles McAlister and Thomas Polk, because they had no unity of interest in the matter in dispute, and that the bill is therefore multifarious.
The fund constituted by the deed of trust is a unit, and the whole of it charged with the payment of the debt it was intended to secure. As the bill is filed to sell the property for the purpose of executing the trust, it is right and proper, and necessary for the interest of all the parties concerned, that any improper clouds which may rest upon the title should be removed before the sale is ordered. Sarah Polk, then, becomes a necessary and proper party, because the legal title to lot No. 9 is in her, but subject to the equity of Polk and McAlister. Bedford, Davis, and Harris become necessary parties, because, after the execution of the deed of trust, they have illegally, and in their own wrong, inter- *410 meddled with the fund and attempted to acquire a title to a portion thereof. This fund being a unit, and all the. parties, with the exception of Sarah Polk, being interested through the same source, it necessarily follows, that, being mutually interested in the disposition of this fund' by the court, they are necessary and proper parties, or, otherwise, one of two consequences must follow — either that the court may proceed and decree a sale of the property, notwithstanding the conflicting rights, or complainant must file separate bills against each separate individual who may have improperly thrust himself upon the fund, a consequence so serious, when there may be a great variety of property concerned, and sold to as great a variety of men, as not to be thought of.
This is not like a case where the parties are interested in different rights, claiming through different sources, as if complainant claimed under A, and the defendants under C, B, and D. Here, as there is no chain of connexion between the parties — the complainant claiming under A, one defendant under C, another under B, and another under D, the defendants cannot be united, because they claim in different rights, and they shall not be embarrassed in their defences by being united against their consent. But, as we have said, such is not this case. ;
The decree of the chancellor will be reversed, the demurrer disallowed, and the cause remanded for further proceedings.